UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERALD F. MEUSE,<br>    *Plaintiff,*<br><br>v.<br><br>NATIONAL P.I. SERVICES, LLC and<br>DOES 1 – 10,<br>    *Defendants.* | DOCKET NO. |

## COMPLAINT

Plaintiff GERALD F. MEUSE (hereafter, "Plaintiff") complains against Defendant National P.I. Services, LLC (hereafter, "Defendant"); and JOHN DOES 1-10 inclusive (hereinafter collectively as "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1. It is estimated that one in four adults in the United States have a criminal record of some kind and that more than ninety percent of all employers in the United States perform criminal background checks on job candidates.[1]

2. Most employers are reluctant to hire people with a criminal history.[2]

3. Existing law requires employers to consider certain relevant factors, including the age, nature, and severity of a job applicant's criminal record and the duties to be performed, before

---

[1]. NAT'L CONSUMER LAW CTR., BROKEN RECORDS: HOW ERRORS BY CRIMINAL BACKGROUND CHECKING COMPANIES HARM WORKERS AND BUSINESSES (Apr. 2012), *at* 3. *See also* SOC'Y FOR HUMAN RES. MGMT., BACKGROUND CHECKING: CONDUCTING CRIMINAL BACKGROUND CHECKS, slide 3 (Jan. 22, 2010), *located at* http://www.slideshare.net/shrm/background-check-criminal  (last visited on May 2, 2012); Ben Geiger, *Comment: The Case for Treating Ex-Offenders as a Suspect Class*, 94 CAL. L. REV. 1191, 1193 (2006).
[2] Harry Holzer, Steven Raphael & Michael A. Stoll, *Employer Demand for Ex-Offenders: Recent Evidence from Los Angeles*, Nat'l Crim. J. Ref. Svs. (March 2003), *available at* https://www.ncjrs.gov/App/Publications/abstract.aspx?ID=244705.

1

making an adverse employment decision based on a person's criminal record.[3]

4. It is therefore imperative that criminal background check companies provide accurate, complete, and up-to-date information about a job applicant's criminal record.

5. Obsolete or irrelevant criminal history information is prohibited from disclosure. This is to alleviate stigmatization and the negative collateral consequences of old and dated criminal records and to promote successful reentry and rehabilitation of people with criminal records.

6. To further this compelling interest, Congress (through the Fair Credit Reporting Act ("FCRA") under 15 USC §1681 *et seq.*) enacted comprehensive legislation regulating the procurement and issuance of background check reports, stating that "consumer reporting agencies have assumed a vital role" and that "there is need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."  15 USC §1681(a).

7. The FCRA requires a background check company to follow extremely stringent procedures to ensure that whenever criminal history information is reported, it is accurate, complete, and up to date.

8. Under 15 USC §1681e(b), a background check company "shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." (Emphasis added).

9. In addition, when public records information such as criminal history information is reported in the employment context, the background check company is required to "maintain

---

[3] *See generally* Equal Employment Opportunity Commission, Enforcement Guidance on the Consideration of Arrest and Conviction Records in Employment Decisions Under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq* (Apr. 25, 2012)., *available at* http://www.eeoc.gov/laws/guidance/arrest_conviction.cfm.

*strict procedures* designed to insure that … [the information reported] is complete and up to date." 15 USC §1681k(a)(2) (emphasis added).

10. Under the FCRA, a background check company is prohibited from reporting arrests or charges that did not result in conviction that antedate the report by more than 7 years. Moreover, with limited exceptions, any other adverse information that antedate the report by more than 7 years cannot be reported. 15 USC §1681c(a) (emphasis added).

11. In connection with issuance of Plaintiff's consumer report, none of these mandates were followed. Defendant disclosed obsolete criminal history information regarding Plaintiff that resulted in a loss of a valuable employment opportunity for Plaintiff.

12. Defendant failed to abide by the restrictions and requirements set forth herein and upon information and believe routinely provides screening reports and engages in practices that violate various provisions of these governing statutes, including reporting obsolete criminal history information and failing to provide written notices.

13. As a result of Defendant's wrongful acts and omissions, Plaintiff has been injured, including without limitation, by virtue of having lost employment opportunities and then having been forced to spend time, money, and energy to clean up after Defendant's errors.

14. Plaintiff seeks actual and/or compensatory damages, punitive damages, and equitable relief, including costs and expenses of litigation, including attorneys' fees, and appropriate injunctive relief requiring Defendant to comply with its legal obligations, as well as additional and further relief as may be appropriate. Plaintiff reserves the right to amend this Complaint to add additional relief as permitted under applicable law.

**THE PARTIES**

15. Plaintiff is and at all times relevant herein was a resident of the State of Massachusetts.

16. Defendant is a consumer reporting agency, and is and at all times herein mentioned was, a New Hampshire Limited Liability Company with its principle place of business at 660 Central Avenue, Dover, New Hampshire 03820. It may be served by Service of Process upon its registered agent, Frank R. Santin, at the address of 660 Central Avenue S201, Dover, New Hampshire 03820.

17. For purposes of the FCRA, Defendant is a "consumer reporting agency" as defined under 15 USC §1681a(f) because it is a "person which, for monetary fees, dues…regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing *consumer reports*." (Emphasis added).

18. A "consumer report" is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, *character, general reputation, personal characteristics, or mode of living* which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for….employment." 15 USC §1681a(d) (emphasis added).

19. Defendant's reports, including the background check report at issue in the present case, contain background information on consumers regarding their general reputation, character, mode of living or other personal characteristics. Among other things, Defendant's reports typically

include information regarding criminal histories.

20. Defendant sells background check reports to, among others, prospective employers.

21. Plaintiff is ignorant of the Defendants sued herein as JOHN DOES 1-10, inclusive, and therefore sues those Defendants by such capacities when such information is ascertained.

22. Plaintiff is informed and believes and thereon alleges that each of the John Doe Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by such occurrences.

23. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants JOHN DOES 1-10, were principals or agents of each other and of the named Defendants and in doing the things alleged in this complaint, were acting in the scope of such agency and with the permission and consent of Defendants.

## JURISDICTION AND VENUE

24. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

25. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTS

26. On or about 2019, Plaintiff applied for a firefighter position with the City of Everett Fire Department (hereinafter the "Fire Department") in Everett, Massachusetts.

27. On or about September 2019, the Fire Department procured a background screening report or consumer report (the "Report") regarding Plaintiff from Defendant.

28. In the Report Defendant disclosed that in 2011 Plaintiff was arrested and charged by the Norfolk Virginia Police with: (1) assault against his girlfriend, Beatrice Mays, and (2) violation of restraining order.

29. Based on the obsolete criminal history contained in the Report, the Fire Department

determined that Plaintiff was not a suitable candidate and bypassed him for the firefighter position for which he applied.

30. As a result, Plaintiff incurred economic losses as well as emotional distress and damage to his reputation.

### FIRST CAUSE OF ACTION
### (Violation of 15 United States Code §1681e(b))

31. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

32. Plaintiff is informed and believes, and thereon alleges Defendant failed to use reasonable procedures to ensure the maximum possible accuracy of the information reported. Specifically, Defendant consistently failed to maintain sufficient procedures to verify the results of the information it reported.

33. Such practice has been held many years ago to be in violation of the FCRA as it is not calculated to ensure accuracy. Despite this industry-wide knowledge, Defendant willfully and recklessly persists in its out-lawed practice resulting in erroneous reports.

34. Defendant's violations entitle Plaintiff to damages pursuant to 15 USC § 1681n, including statutory damages in the amount of not less than $100 and no more than $1,000, punitive damages, reasonable attorney's fees, and any other relief granted by this Court.

35. In addition Defendant's violations entitle Plaintiff to damages pursuant to 15 USC § 1681o, including actual damages such economic damages, emotional distress, and damage to reputation, in amount to be determined at trial.

### SECOND CAUSE OF ACTION
### (Violation of 15 United States Code §1681k(b))

36. Plaintiff hereby incorporates by reference the allegations of each and every

paragraph above.

37. Plaintiff is informed and believes, and thereon alleges Defendant failed to use strict procedures to ensure the reported information is complete and up to date. Specifically, Defendant reported an alleged arrest that from the date of entry antedate the Report by more than seven years.

38. Defendant's violations entitle Plaintiff to damages pursuant to 15 USC § 1681n, including statutory damages in the amount of not less than $100 and no more than $1,000, punitive damages, reasonable attorney's fees, and any other relief granted by this Court.

39. In addition Defendant's violations entitle Plaintiff to damages pursuant to 15 USC § 1681o, including actual damages such economic damages, emotional distress, and damage to reputation in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (Violation of 15 United States Code §1681c(a)(2))

40. Plaintiff hereby incorporated by reference the allegations of each and every paragraph above.

41. Plaintiff is informed and believes, and thereon alleges Defendant failed to use strict procedures to ensure the reported information is complete and up to date. Specifically, Defendant reported that in 2011 Plaintiff was arrested and charged with assault and violation of a restraining order. Said criminal history information antedates the Report by more than seven years.

42. Defendant's violations entitle Plaintiff to damages pursuant to 15 USC § 1681n, including statutory damages in the amount of not less than $100 and no more than $1,000, punitive damages, reasonable attorney's fees, and any other relief granted by this Court.

43. In addition Defendant's violations entitle Plaintiff to damages pursuant to 15 USC § 1681o, including actual damages such economic damages, emotional distress, and damage to reputation in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For a declaration that Defendant's practices violate the FCRA, 15 USC §1681 *et seq.*;

b. For statutory, compensatory, special, general and punitive damages according to proof and as applicable against all Defendants;

c. For interest upon such damages as permitted by law;

d. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

e. For the costs of suit;

f. For injunctive relief as applicable; and

g. For such other orders of the Court and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands a jury trial on all issues triable by jury.

    Plaintiff,
    GERALD F. MEUSE,
    By his attorney,

    */s/ Jeremy R. Bombard*
    Jeremy R. Bombard, #669802
    jbombard@bombardlaw.com
    BOMBARD LAW OFFICE, PC
    945 Concord Street
    Framingham, MA 01701
    508-620-5309
    Dated:  September 17, 2021